IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40787
Summary Calendar

_____

MICHAEL W. RAMSEY; MONICA M. RAMSEY,
Individually and as representatives of a class of
others similarly situated,

                                                    Plaintiffs-Appellants,

versus

CARL NEINDORFF, Substitute trustee under a
purchase money instrument of credit entitled
Deed of Trust; NATIONSBANC MORTGAGE
CORPORATION, The current beneficiary under
a purchase money instrument of credit entitled
a Deed of Trust and real party in interest;
JOHN CORNYN, Honorable, in his capacity as
the Attorney General of the State of Texas,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(5:98-CV-127)

_____

March 17, 1999

Before REAVLEY, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Michael W. Ramsey and Monica Ramsey (the Ramseys) bring this section 1983 claim

alleging that Texas's extrajudicial foreclosure law deprives them of their property in violation of

the procedural due process component of the Fourteenth Amendment.  The district court found

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

that, under Barrera v. Security Bldg. & Inv. Corp., 519 F.2d 1166 (5th Cir. 1975), Texas's law allowing the contractual power of sale granted in the deed of trust does not constitute state action, a required element of a procedural due process claim. Because this case is so clearly controlled by our precedent, we are compelled to deny the request for oral argument and affirm the judgment.

To constitute state action, a state normally must have "exercised coercive power or . . . provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the [state]." San Francisco Arts & Athletics, Inc. v. United States Olympic Comm., 483 U.S. 522, 546, 107 S. Ct. 2971, 2986, 97 L. Ed. 2d 427 (1987). Barrera held that Texas statutory provisions related to lien foreclosure did not establish state action. See Barrera, 519 F.2d at 1174. The Ramseys assert that subsequent amendments to Texas's regulatory scheme and the Supreme Court's decision in Connecticut v. Doehr, 501 U.S. 1, 111 S. Ct. 2105, 115 L. Ed. 2d 1 (1991), passed down after this court decided Barrera, have undermined Barrera's holding. Barrera involved an identical challenge to Article 3810 of the Texas Revised Civil Statutes, which was repealed effective 1984 and recodified at section 51.002 of the Texas Property Code. The article had required that notice of a foreclosure sale must be posted on the courthouse door of the county in which the real property is located for three consecutive weeks prior to the day of sale. See Tex. Rev. Civ. Stat. Ann. art. 3810 (Vernon 1966). After subsequent amendment, the new statute included a few additional requirements: first, notice of the sale must be filed in the office of the county clerk of the county in which the property is located. See Tex. Prop. Code Ann. § 51.002(b)(2) (Vernon 1995). Further, the clerk must keep the file convenient and available to the public for examination until the date of sale has passed. See id. § 51.002(f). The Ramseys contend that the increased functionary involvement of the county clerk in the extrajudicial foreclosure sale constitutes state action. We disagree.

The Barrera panel distinguished Turner v. Blackburn, 389 F. Supp. 1250 (W.D.N.C. 1975), a case in which a three-judge district panel found state action in North Carolina's non-

2

judicial foreclosure procedure. That statute had required the clerk of court to directly participate in the foreclosure procedure by explicitly verifying that the sale was conducted according to the statutory regulations, administering the upset bid provisions according to the clerk's discretion, auditing the account, and approving the disposition of the sale proceeds. See id. at 1256-58. The Turner court characterized that statute as creating "in effect, a streamlined version of a judicial sale, with the clerk exercising by detailed statutory authority many of the supervisory powers inherent in a court of equity." Id. at 1258. The Barrera panel noted that the "Texas statutes vest no comparable power and responsibility in any agent of the state." Barrera, 519 F.2d at 1170 n.5. The increased involvement of the county clerk under the revised Texas scheme does not deposit any authoritative discretion with the office of the clerk such that Barrera's distinction of Turner need be reconsidered. The clerk remains but a ministerial agent, insufficiently involved with the foreclosure to satisfy the standard for state action.

Similarly, nothing material has changed in the controlling caselaw since this court last addressed the question in Barrera such that we can reconsider that holding. The Ramseys' citation to Doehr is inapposite. Rather, Doehr involved an attachment order issued by a state court in conjunction with a personal injury action that a third party sought to initiate in state court, which the local sheriff executed upon the petitioner's property. See Doehr, 501 U.S. at 5-7, 111 S. Ct. at 2109-10. State action was presumed from the "overt, significant assistance" rendered by the court and the sheriff in the attachment procedure. Id. at 11, 111 S. Ct. at 2112. As such, the result reached in Doehr does not alter the disposition reached in Barrera, where the statute provided for no such significant state assistance.

As to the Ramseys' claim that Barrera was decided incorrectly under Fuentes v. Shevin, 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972), we note that "[a]s a general rule, one panel may not overrule the decision of a prior panel, right or wrong, in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court." Billiot v. Puckett, 135 F.3d 311, 316 (5th Cir. 1998). This court in Barrera considered

3

and distinguished <u>Fuentes</u>.  We therefore affirm the district court's ruling dismissing the Ramseys' claims because of the Ramseys' failure to show state involvement in the extrajudicial foreclosure sale that they had authorized in their deed of trust.

AFFIRMED.